## Chesapeake & Ohio Railway Company v. Witte.

(Decided April 20, 1916.)

### Appeal from Campbell Circuit Court.

1. Appeal and Error—Damages—That Damages Appear Excessive Will Not Justify the Granting of a New Trial.—The mere fact that a jury awards damages in a larger sum than in the opinion of the Court of Appeals the injury justified, will not authorize the court to interfere with the verdict by granting a new trial.

2. Appeal and Error—Trial—Misconduct of Counsel in Argument of Case.—A judgment will not be reversed on account of improper argument of counsel, unless it appears that the argument complained of was so objectionable as to be prejudicial.

GALVIN & GALVIN and W. A. BURKAMP for appellant.

B. F. GRAZIANI and HORACE W. ROOT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

The appellee, an employe of the appellant railway company, sustained personal injuries on account of its negligence, and in a suit for damages had a judgment for $1,375.00.

A reversal is asked on two grounds; first, that the verdict is excessive; and, second, misconduct on the part of counsel for appellee in the argument of the case.

The injury complained of consisted of a cut on the right leg above the knee about seven inches long, and from a half inch to an inch in depth, together with some bruises. He was confined to his room for about six weeks with his leg propped on a chair, and after this he walked about on crutches for about six weeks. The trial occurred a year after the injury, and there was some evidence that his leg was yet sore, and the locomotion or movement of the leg somewhat impaired, accompanied by a sensation of numbness.

The medical evidence for the company was to the effect that the wound had healed without leaving any bad effects.

A consideration of the record on the subject of appellee's injury inclines us to the opinion that the damages are larger than should have been assessed, but at the same time we cannot say that the assessment is so flagrantly against the evidence as to authorize us to order a new trial on this ground. The mere fact that a jury awards larger damages than we think the injury justified does not authorize us to interfere with the verdict.

On the trial of the case, during the examination of Dr. Robertson, a witness for appellee, and who attended him as a physician, he said that after making two or three visits he turned appellee over to Dr. Franz, who, he said, was at the time the assistant surgeon for the appellant company. Counsel for appellee asked the court to exclude from the jury the statement that Dr. Franz was the assistant surgeon for the railway company, and this motion was sustained, the jury being instructed not to consider the evidence of Dr. Robertson on this point.

The bill of exceptions shows that in the argument of the case counsel for the appellee said to the jury that opposing counsel said: "In substance, this, 'that the business of the railroads had to be carried on, and, naturally,

of course, men assumed certain risks, and if this man got hurt, why, that was his own fault.' I, in response, say this, your honor, and I address myself to the jury: Has it come to the time in this country that railroads and money are so precious and blood and bone and flesh so cheap, that they can operate their cars to injure a fellow being or a fellow man? Are we to become a nation of cripples? Is the brood to become less?''

Counsel for appellant objected to the foregoing argument and moved that the swearing of the jury be set aside and the case continued, and also moved the court to admonish the jury that the argument was improper, but all of these motions were overruled. Farther along in the argument counsel for appellee said: ''Dr. Robertson said he took twelve stitches and it was half an inch deep, and I suppose Dr. Robertson is as fair a man as any of the physicians offered on your side. * * * After Dr. Robertson was called, then your physician, the C. & O. physician, was called in.'' Counsel for appellant objected to this statement, saying that it was ruled out, and in response the court said, ''Yes; the defendant made a motion that two physicians be appointed to examine, and the court appointed physicians:'' Whereupon counsel for appellee said, ''We have an exception to that statement. Now he is objecting because I said that this man, Dr. Franz, of the C. & O. Railroad, attended him after Dr. Robertson.'' Counsel for appellant then said, ''And we say that that was not permitted in evidence.'' In answer to this the court ruled out any testimony about Dr. Franz being a C. & O. physician, because it was not then proper, and the jury were instructed to disregard it. Counsel for appellee then said, ''We will withdraw that part of it.'' It should be further stated that Dr. Franz was not offered as a witness for either party.

This is the whole of the alleged objectionable argument, and we find nothing in it that would warrant us in reversing the case on the ground of improper argument. We have frequently ordered new trials on account of improper argument, but it would be pressing the rule beyond reasonable bounds to hold that the argument made by counsel for appellee was so objectionable as to authorize a reversal of the case.

The judgment is affirmed.